the court construed to be inconsistent with a part of the statement theretofore made by counsel for plaintiff.

The only reasonable inference to be drawn from what had theretofore been said was that defendants, owning a farm which they were anxious to dispose of in order to acquire property in Cleveland, employed plaintiff to negotiate a trade of defendants' farm for Cleveland property, for which services they agreed to pay plaintiff, and that plaintiff had performed that service.

By the reading of the contract the court's attention was called to the fact that in the written contract defendants agreed to pay plaintiff the sum stipulated "as his real estate commission for the services performed in bringing about the sale of said property," and to certain provisions of said contract which indicated that the minds of the parties had not met upon some of the essential terms thereof. From a consideration of the terms of said contract the court found that "a sale of said property" was not brought about by the plaintiff and that the plaintiff had not performed the services which he said he expected to prove he had performed.

We are clearly of the opinion that in reaching said conclusion the court, instead of taking everything that was said in the opening statement as true, together with all reasonable inferences to be drawn therefrom, weighed the evidence and considered the merits of the case, which he had no right to do on such a motion.

We are likewise bound, and our conclusion has no relation to or bearing upon the merits of the controversy between these parties.

The judgment is therefore reversed for error in directing a verdict, and the cause remanded for further proceedings according to law.

Funk, PJ, and Pardee, J, concur.

## STATE ex BROWN, Treasurer v COOPER, Treasurer

Ohio Supreme Court

No 22304.  Decided Nov 19, 1930

Kinkade, Robinson, Matthias, Day and Allen, JJ, concur.  Jones, J, not participating.

## SISTERS OF CHARITY v DUVELIUS

Ohio Supreme Court

No 22215.  Decided Nov 19, 1930

## SHELLEY v STATE

Ohio Supreme Court

No 22313.  Decided Nov 19, 1930